Approved: _____
DAVID R. FELTON
Assistant United States Attorney

Before:     THE HONORABLE JUDITH C. McCARTHY
            United States Magistrate Judge
            Southern District of New York

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :   **COMPLAINT**

            - v. -                  :   Violations of
                                        18 U.S.C. §§ 922(g)(1)
ANDRE DECKER,                       :   and 2

                        Defendant.  :   COUNTY OF OFFENSE:
                                        ORANGE

- - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

ANDREI PETROV, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

COUNT ONE

1. On or about January 26, 2020, in the Southern District of New York, ANDRE DECKER, the defendant, knowing that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly and intentionally did possess, in and affecting commerce, a firearm, to wit: a loaded Smith and Wesson 9 mm model 639 firearm with serial number TAT3313 (the "Firearm"), which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(g)(1) and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2. I am a Special Agent with the FBI, and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, as well as my examination of reports and

records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part.

3. Based on my review of reports from the City of Newburgh Police Department (the "CNPD"), and my conversations with a detective from the CNPD ("Detective-1"), I know that:

   a. On or about January 26, 2020, at approximately 11:45 a.m., a caller to the CNPD station directory reported, in substance and in part, that an altercation involving knives and Tasers was occurring in the vicinity of the streets across from 5 Liberty Street in or around Newburgh, New York.

   b. In the minutes that followed, approximately two additional callers to the CNPD station directory reported, in substance and in part, that an altercation was occurring in the vicinity of Liberty Street in or around Newburgh, New York.

   c. Within minutes, on or about January 26, 2020, at or around 11:47 a.m., two CNPD officers ("Officer-1" and "Officer-2") arrived at the scene, in the vicinity of the streets across from 5 Liberty Street in or around Newburgh, New York. Additional CNPD officers later arrived at the scene.

   d. Upon arriving at the scene, Officer-1 observed a heated situation where dozens of individuals surrounded a black sedan (the "Car"). At least one of the individuals surrounding the Car loudly told Officer-1 that there was a gun in the Car.

   e. As Officer-1 and Officer-2 tried to approach the Car and make their way through the crowd surrounding the Car, the Car attempted to drive away. The Car quickly crashed into a nearby car and reached a complete stop.

   f. Officer-1 observed four individuals in the Car, three females and one male (the "Male"). The Male was sitting in the Car's rear, passenger seat.

3

g. While standing next to the rear, passenger seat door, Officer-1 observed that the Male kept looking down at the floor of the car in the area of the rear, passenger seat. Officer-1 further observed that both of the Male's arms were moving in what appeared to be the vicinity of the Male's legs, below the area immediately visible from the rear, passenger seat window.

h. The CNPD officers directed the occupants of the Car to get out of the Car and they complied.

i. The Male passenger got out of the Car using the rear, passenger seat door.

j. A CNPD officer ("Officer-3") who was nearby saw and recovered the Smith and Wesson 9 mm model 639 firearm with serial number TAT3313 on the floor of the Car in the area of the rear, passenger seat.

k. The Firearm was loaded with nine rounds of ammunition, with one round in the chamber and eight rounds in the clip.

l. The Male was placed under arrest and transported to CNPD headquarters.

m. At CNPD headquarters, the Male identified himself as ANDRE DECKER, the defendant.

n. At CNPD headquarters, DECKER was strip-searched. During the strip-search of DECKER, officers from the CNPD recovered the following contraband from the area in or around DECKER's buttocks: (i) approximately 1.4 grams of substances, in the form of crack cocaine, that field tested positive for the presence of cocaine; (ii) approximately 0.5 grams of substances that field-tested positive for the presence of heroin; (iii) approximately 0.05 grams of substances that field-tested positive for the presence of fentanyl; and (iv) multiple types of pills (collectively, the "Narcotics").

o. Shortly after the arrest, a sergeant in the CNPD and a CNPD officer ("Sergeant-1" and "Officer-4") interviewed an individual on a porch on or around Liberty Street, in the vicinity of the incident

4

(the "Witness"). The Witness told Sergeant-1 and Officer-4, in substance and in part, that, before the police had arrived at the scene of the incident, the Male had left the Car and displayed the Firearm to the crowd before returning to the Car.

4. On or about January 26, 2020, after the Firearm was recovered by law enforcement and after ANDRE DECKER, the defendant, was arrested, Detective-1 interviewed DECKER at CNPD headquarters. At the outset of the interview, Detective-1 informed DECKER of his *Miranda* rights. DECKER waived his rights and agreed to speak to law enforcement. During the interview, DECKER stated the following, in substance and in part:

    a. He possessed the recovered Firearm.

    b. He possessed the recovered Narcotics.

5. As part of my investigation of this matter, I have been informed by an agent ("Agent-1") of the United States Bureau of Alcohol, Tobacco and Firearms ("ATF"), which has data on the manufacturing of ammunition and firearms, that the Firearm was not manufactured in the State of New York.

6. Based on my training and experience, I am aware that Smith and Wesson does not manufacture and has never manufactured firearms in the State of New York.

7. I have reviewed criminal history records pertaining to ANDRE DECKER, the defendant, and learned that DECKER was convicted on or about January 24, 1996, in Albany County Court, of robbery in the second degree, in violation of New York Penal Code Section 160.10, which is a felony punishable by imprisonment for more than one year. Based on my review of the criminal history records, I am aware that, on or about January 24, 1996, DECKER was sentenced to a term of five to ten years' imprisonment.

8. I have reviewed additional criminal history records pertaining to ANDRE DECKER, the defendant, and learned that DECKER was convicted on or about January 30, 2008, in the United States District Court for the Northern District of New York, of interference with commerce by threats or violence, in violation of Title 18, United States Code, Section 1951, and possession of a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c), and which are both felonies punishable by imprisonment for more than one year. Based on my review of the criminal history records, I am aware

5

that, in an amended judgment imposed on October 20, 2011, DECKER was sentenced to a total term of imprisonment of 120 months' imprisonment.

WHEREFORE, deponent respectfully requests that ANDRE DECKER, the defendant, be imprisoned or bailed, as the case may be.

_____
ANDREI PETROV
Special Agent
Federal Bureau of Investigation


Sworn to before me this
27th day of January, 2020

_____
THE HONORABLE JUDITH C. McCARTHY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK